Ruffin, C. J.
 

 This is an action of covenant, brought against Nathan Fletcher, John Fletcher, Elizabeth Fletcher, and Jacob Rhodes', for the breach of a covenant of general warranty, contained in a deed of bargain and sale, made by them to the plaintiff. The defendants pleaded in abatement the non-joinder of James Fletcher, Elizabeth Rhodes, wife of the defendant Jacob, and John Pack and his wife Mary Pack, by whom also the deed was executed jointly with the defendants; and to this plea, the plaintiff demurred generally. The record contains an admission, that the
 
 femes covert
 
 had not been privily examined as to the execution of the deed by them; and also an agreement, that no objection should be taken to the form of the plea, but that it shall be sustained, if upon the facts, or any of them, a good plea could have been framed. It is not material, therefore, to consider the effect of the plea’s embracing the married women, as having executed the deed when they certainly did not; since the deed was executed by James Fletcher and John Pack, and the pléa must, under the agreement, be sustained, if those two persons ought to have been made defendants.
 

 His Honor was of opinion, .that the case was
 
 not
 
 within the Revised Statute, c. 31. s. 89, which authorises
 
 “
 
 in all cases of joint obligations or assumptions of copartners or others, suits to be brought against the whole or any one or more of the persons making such obligations, assumptions, or agreements but that suit must be brought against all the covenantors, or against a single one only. The plea was therefore sustained, and a judgment given thereon for the defendants, from which the plaintiff appealed.
 

 As the covenant is, according to its terms, joint and not joint and several, it would at common law have been necessary to sue all the parties, or all those living. It is however
 
 *419
 
 admitted by his Honor, and properly, as we think, that several actions would lie against each of the covenantors. This could only be by force of the act of 1789, c. 314, in the fourth section of which, it is provided, first, that a
 
 joint debtor contract
 
 shall survive against the heir or executor of a deceased obligor ; and secondly, that on joint
 
 obligations
 
 or
 
 assumptions
 
 of copartners or others, suits may be brought in the same manner as if such obligations or assumptions were joint and several. It is true, that under the latter branch of that act, an action would only lie against one or all of the joint contractors, and not against any intermediate number of them. But it was corrected by the act of 1797, c. 475, s. 2, which forms the 89th section of chap. 31, of Revised Statutes, before
 
 quoted.
 
 That not only' uses the words “ obligations or assumptions,” found in the act of 1789, but adds the broader term agreementsand .provides that suits may be brought “ against the whole or any one or
 
 more
 
 of such persons making such,” that is,
 
 joint “
 
 obligations, assumptions or agreements.” ■ It is, thus, quite apparent, that this case is within the letter of the statute. Being so, the act must, we think, govern it. In interpreting it, we cannot stop short of the meaning, which is plainly imported by the language of the act. On the contrary, the acts of ’89 and ’97 have been looked on as being of the nature of statutes for the amendment of the law, and been construed with the liberality to which remedial statutes' are entitled. Thus, in
 
 Smith
 
 v.
 
 Fagan,
 
 2
 
 Dev.
 
 298, it was, in accordance with the previous decisions there cited, held, that a judgment, upon the death of one of the defendants, survived, not only against the other defendants, but also against the executor of him who died, and might be proceeded on against them all jointly. So, if one of these covenantors had died, the same principle would authorize a joint suit against the survivors, and the executor or heir of the dead one. It is for the benefit of the creditor and the surviving debtors, that it should be so, and, indeed, for the representatives of the deceased party also; since it is well to charge, at once and together, all those who may be ultimately charged, and without the necessity of in
 
 *420
 
 curring the expense of separate actions. Now if the case thus fall within that branch of the act, which authorizes a joint action, where one of the obligors or covenantors is dead, it would seem it must fall also within the other, which allows an action against any one or more of the persons making
 
 “
 
 a joint agreement,” omitting some of the parties. There is nothing in the nature of the thing, or in the objects of the acts, which should confine their operation to contracts for the payment of money merely. Agreements, generally, are mentioned ; and there have been numberless actions, like this, brought on bonds with collateral conditions, or on joint covenants for the performance of specific things, other than the payment of money. If any covenant be within the acts, all must be; one being as much an agreement as another.— If persons owning land jointly, or in common, do not-mean to be liable for each other, they need
 
 not be; as they
 
 may make several conveyances, or in the same deed may covenant severally, each one for himself and for his share. The judgment must be reversed, the demurrer sustained, and judgment of
 
 respondeas ouster.
 

 Per Curiam, Judgment accordingly.